UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF SHTEYNBERG,<br><br>        Plaintiff,<br><br> v.<br><br>JUDGE JANIS SAMMARTINO,<br><br>        Defendant. | Case No. 21-cv-01827-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS TO APPOINT COUNSEL (ECF Nos. 3, 6, 10);**<br><br>**(2) DENYING REQUEST FOR HEARING IN JUDGE'S CHAMBERS (ECF No. 8); AND**<br><br>**(3) REQUIRING PLAINTIFF TO RESPOND TO ORDER TO SHOW CAUSE (ECF No. 4) ON OR BEFORE FEBURARY 18, 2022** |

**I. BACKGROUND**

In 2017, Plaintiff Rudolf Shteynberg brought two actions, one against the San Diego County Jail Sheriff's Department Medical Team[1] and another against the "Sheriff's Department,"[2] over which United States District Judge Janis Sammartino presided.

---

[1] *Shteynberg v. San Diego Cnty. Jail Sheriff's Dep't Med. Team*, 3:17-cv-01098-JLS-KSC.
[2] *Shteynberg v. Sheriff's Dep't*, 3:17-cv-02149-JLS-KSC.

Plaintiff filed multiple motions for appointment of counsel, which were all denied by the court.[3] The court dismissed both actions.[4] More than three years after the two actions were dismissed, Plaintiff brought the present action against Judge Sammartino. (Compl., ECF No. 1.) The Court ordered Plaintiff to show cause, on or before November 18, 2021, why his present action should not be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to the Court's Order to Show Cause ("OSC").

Plaintiff moves for an appointment of court-appointed counsel (ECF Nos. 3, 6, 10) and a hearing in chambers (ECF No. 8). The Court finds the motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

## II.  MOTIONS TO APPOINT COUNSEL

Plaintiff has filed three duplicative requests for court-appointed counsel. (ECF Nos. 3, 6, 10.) "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

District courts have discretion under 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues

---

[3] *Shteynberg v. San Diego Cnty. Jail Sheriff's Dep't Med. Team*, 3:17-cv-01098-JLS-KSC, ECF Nos. 19, 35, 51, 64, 67, 77; *Shteynberg v. Sheriff's Dep't*, 3:17-cv-02149-JLS-KSC, ECF No. 6.

[4] *Shteynberg v. San Diego Cnty. Jail Sheriff's Dep't Med. Team*, 3:17-cv-01098-JLS-KSC, ECF No. 69; *Shteynberg v. Sheriff's Dep't*, 3:17-cv-02149-JLS-KSC, ECF Nos. 6, 8.

involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

For the reasons stated in the Court's OSC (ECF No. 4), Plaintiff is not likely to succeed on the merits of any claim he brings against Judge Sammartino. Having reviewed the record, the Court does not find any exceptional circumstances that would warrant appointing him counsel under 28 U.S.C. § 1915(e)(1). Therefore, Plaintiff's motions to appoint counsel are **DENIED**. (ECF Nos. 3, 6, 10.)

### III. MOTION FOR HEARING IN CHAMBERS

Plaintiff moves for a hearing in chambers. (ECF No. 8.) The Court may resolve motions on the papers submitted and without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). Based on the record, the Court does not find that an oral argument is necessary. Therefore, the Court **DENIES** Plaintiff's motion for a hearing in chambers. (ECF No. 8.)

### IV. ORDER TO SHOW CAUSE

In the Court's Order dated October 28, 2021, the Court explained that Plaintiff's claims lack merit and required Plaintiff to file a written brief stating why the present action should not be dismissed under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) Plaintiff was warned that his failure to do so will result in the Court dismissing the action. (*Id.*) Plaintiff has not filed a written brief explaining why his claims are not barred by judicial immunity or why this Court can grant the relief that he seeks. Although Plaintiff has filed multiple motions for appointment of counsel and for hearing in chambers, those motions do not comply with the Court's Order to Show Cause. (ECF No. 4.)

The Court renews the Order to Show Cause and **ORDERS** Plaintiff to respond, in writing, why his case should not be dismissed for reasons explained in the Court's October 28, 2021 Order. (ECF No. 4.)

//

## V. CONCLUSION

The Court **DENIES** Plaintiff's motions to appoint counsel (ECF Nos. 3, 6, 10) and Plaintiff's motion for a hearing in chambers (ECF No. 8).  Plaintiff is ordered not to file any further duplicative requests for court-appointed counsel or hearing in chambers.

**On or before February 18, 2022**, Plaintiff shall **RESPOND** to the Court's Order to Show Cause (ECF No. 4).  **Plaintiff is warned that a failure to respond will result in the Court dismissing this action.**

**IT IS SO ORDERED.**

**DATED: February 1, 2022**

Hon. Cynthia Bashant
United States District Judge