**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDOLPH SHTEYNBERG,<br><br>                          Plaintiff,<br><br>     v.<br><br>JUDGE JANIS SAMMARTINO,<br><br>                          Defendant. | Case No. 21-cv-01827-BAS-JLB<br><br>**ORDER DISMISSING ACTION** |

## I.     BACKGROUND

In this action filed on October 27, 2021, Plaintiff Rudolph Shteynberg alleges that United States District Judge Janis Sammartino discriminated against him based on his status as an indigent litigant by denying him appointment of counsel in the prior, closed actions he filed in 2017, over which Judge Sammartino presided.  The Court ordered Shteynberg to show cause why this action should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Order to Show Cause ("OSC") at 3, ECF No. 4 (explaining that (1) this Court has no authority to reverse Judge Sammartino's factual findings that Shteynberg did not satisfy the standards for appointment of counsel in the 2017 actions; (2) any motion for reconsideration should be filed in the underlying actions; and (3) judicial immunity barred Shteynberg from seeking monetary damages against Judge Sammartino).)

Shteynberg did not respond to the Court's OSC and instead moved for appointment of counsel and an oral argument. (ECF Nos. 6, 8.) The Court denied both motions and renewed its OSC, giving Shteynberg until February 18, 2022, to show cause why his action should not be dismissed for failure to state a claim. (ECF No. 16.) The Court warned Shteynberg that a failure to timely respond to the OSC would result in a dismissal of his action. (*Id.*) Seven days have passed after the deadline to show cause expired, yet Shteynberg has not responded to the Court's OSC.

## II.   ANALYSIS

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding that courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link*, 370 U.S. at 630–32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case, failed to comply with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–90 (9th Cir. 1999); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In determining whether to exercise this power, "the district court must weigh five factors including (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Henderson*, 779 F.2d at 1424,

and *Thompson*, 782 F.2d 829 at 831) (internal quotation marks omitted).  Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

Here, Shteynberg has failed to prosecute this case.  He has not complied with the Court's order to show cause as to why this action should not be dismissed.  Having weighed the appropriate factors, the Court concludes that dismissing this case is warranted.  *See Ferdik*, 963 F.2d at 1260–61.

As explained in the OSC, this Court lacks authority to reverse Judge Sammartino's factual finding in the 2017 actions.  *See Silving v. Wells Fargo Bank, NA*, 800 F. Supp. 2d 1055, 1061 n.4 (D. Ariz. 2011).  If Shteynberg's position is that Judge Sammartino relied on an erroneous view of the law, his request for review must be brought as a motion for reconsideration in the underlying action, and if denied, appealed to the court of appeals, rather than as a separate civil action against Judge Sammartino.  *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action.").  In addition, to the extent that Shteynberg seeks any monetary damages from Judge Sammartino, any such claim for damages is barred under absolute judicial immunity because Judge Sammartino's challenged act—denying Shteynberg's motion for appointment of counsel—was performed in her judicial capacity.  *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges . . . are absolutely immune from damage liability for acts performed in their official capacities." (omitting citations)); *accord Mireles v. Waco*, 502 U.S. 9, 9 (1991).

In sum, Shteynberg has failed to prosecute this action.  His Complaint fails to state a plausible claim for relief required to avoid a dismissal under Rule 12(b)(6).

//

//

//

21cv1827

### III.   CONCLUSION

Plaintiff has not complied with the Court's OSC as to why this case should not be dismissed under Rule 12(b)(6).   Therefore, the Court **DISMISSES** this action **WITH PREJUDICE**.  The Clerk of the Court is instructed to terminate all pending motions and close this action.

**IT IS SO ORDERED.**

DATED: February 25, 2022

Hon. Cynthia Bashant
United States District Judge

21cv1827